UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARVIN M. BURRELL JR., ) Case No. CV 09-8775-GAF(RC)
)
         Petitioner, )
)
vs. )
) OPINION AND ORDER ON PETITION
GARY SANDOR, ) FOR WRIT OF HABEAS CORPUS
)
         Respondent. )
_____)

    On November 30, 2009, petitioner Marvin M. Burrell Jr., a person in state custody proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254 claiming he was denied due process of law when prison officials refused to award him a sentence reduction under California Penal Code ("P.C.") § 2935[1] and 15 California Code of

---

[1] P.C. § 2935 provides:

Under the guidelines prescribed by the rules and regulations of the director, the Director of Corrections **may** grant up to 12 additional months of reduction of the sentence to a prisoner who has performed a heroic act in a life-threatening situation, or who has provided exceptional assistance in maintaining the safety and security of a prison.

P.C. § 2935 (emphasis added).

Regulations ("C.C.R.") § 3043(h).[2]

## DISCUSSION

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991); Engle v. Isaac, 456 U.S. 107, 119, 102 S. Ct. 1558, 1567, 71 L. Ed. 2d 783 (1982). Federal habeas corpus relief "does not lie for errors of state law[,]" Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); McGuire, 502 U.S. at 67, 112 S. Ct. at 480; see also Dugger v. Adams, 489 U.S. 401, 409, 109 S. Ct. 1211, 1216-17, 103 L. Ed. 2d 435 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."); Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 875, 79 L. Ed. 2d 29 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."), and the petitioner "may not transform a state-law issue into a federal one merely by asserting a

---

[2] Section 3043(h) of Title 15 C.C.R. provides:

(h) Heroic acts and exceptional assistance. Up to 12 months reduction of sentence **may** be awarded for the following acts:
    (1) Acts preventing loss of life or injury to the public, staff, or other inmates.
    (2) Acts preventing significant loss or destruction of property.
    (3) Providing sworn testimony in judicial proceedings involving prosecution of a felony offense which occurred within the prison.

15 C.C.R. § 3043(h) (emphasis added).

1 violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th
2 Cir.), cert. denied, 522 U.S. 881 (1997).

4     The Fourteenth Amendment's due process clause protects against
5 the "arbitrary deprivation" of a liberty interest to which an inmate
6 is "entitled under state law." Hicks v. Oklahoma, 447 U.S. 343, 346,
7 100 S. Ct. 2227, 2229, 65 L. Ed. 2d 175 (1980); LaBoa v. Calderon, 224
8 F.3d 972, 979 (9th Cir. 2000). "'A liberty interest may arise from
9 either of two sources: the due process clause itself or state law.'"
10 Carver v. Lehman, 558 F.3d 869, 872 (9th Cir. 2009) (citation
11 omitted), cert. denied, __ S. Ct. __, 2009 WL 2566983 (Oct. 20, 2009).
12 Here, petitioner contends the California Department of Corrections and
13 Rehabilitation ("CDCR") violated his "liberty interest Due Process
14 rights by arbitrarily refusing to award him . . . time reduction
15 credits" he "earned" under state law by saving the life of another
16 inmate.[3] Petition at 5-5c.[4] However, "[i]n order to create a
17 constitutionally protected liberty interest, a statute must contain
18 explicitly mandatory language, i.e., specific directives to the
19 decisionmaker that if the regulations substantive predicates are
20 present, a particular outcome must follow." Carver, 558 F.3d at 874-

---

[3] According to a laudatory "chrono" attached to the habeas petition, on March 28, 2008, petitioner and another inmate came to the assistance of a third inmate, who was choking on a dental floss pick, and petitioner talked to the distressed inmate, kept him calm and prevented him from rolling onto his back while the other inmate pulled the pick out of the choking inmate's throat. See Petition, Exh. A.

[4] Petitioner has attached several unnumbered pages to his petition following page 5. These pages will be referred to as pages 5a-5c.

1  75 (citations and internal quotation marks omitted).  Here, P.C.
2  § 2935 contains no such language, and creates no constitutionally
3  protected liberty interest, since CDCR has complete discretion whether
4  to grant a sentence reduction.  Id.; see also In re Young, 32 Cal. 4th
5  900, 907, 12 Cal. Rptr. 3d 48, 51 (2004) ("Section 2935 gives the
6  Director of Corrections discretion to grant a prisoner up to '12
7  additional months of reduction of the sentence' for performing a
8  heroic act."); Carlson v. Vasquez, 1995 WL 3686, *3 (N.D. Cal.)
9  ("Because the statutory language of [P.C.] § 2935, standing alone as
10 well as in conjunction with [15 C.C.R. § 3043(h)], does not set forth
11 defined and objective criteria which require a particular action and
12 leave no room for discretion to deny the requested relief, no
13 protected liberty interest is created.").  Moreover, to the extent
14 petitioner claims 15 C.C.R. § 3043(h) creates a constitutionally
15 protected liberty interest, he is mistaken, as the regulation does not
16 impose an "atypical and significant hardship" on petitioner.  Sandin
17 v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 217
18 (1995).[5]  Therefore, petitioner raises only a state law claim not
19 cognizable in this proceeding.
20
21      Rule 4 of the Rules provides that "[i]f it plainly appears from
22 the petition and any attached exhibits that the petitioner is not

---

[5] The Ninth Circuit has held *Sandin* is limited to internal prison regulations, while the "'mandatory language' rule" applies to address whether a state statute such as P.C. § 2935 creates a constitutionally protected liberty interest. Carver, 558 F.3d at 873 n.5; McQuillion v. Duncan, 306 F.3d 895, 902-03 (9th Cir. 2002). In any event, petitioner has not, and cannot, identify a constitutionally protected liberty interest under either standard.

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." Summary dismissal under Rule 4 is proper "when no [cognizable] claim for relief is stated [in the petition]." Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991). Thus, the pending habeas corpus petition should be summarily dismissed for lack of subject matter jurisdiction.

**ORDER**

Judgment shall be entered SUMMARILY DISMISSING the petition for writ of habeas corpus for lack of subject matter jurisdiction.

DATE: December 11, 2009        /s/ Gary Feess
                                GARY A. FEESS
                                UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE:  December 3, 2009

 /S/ ROSALYN M. CHAPMAN
      ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-8775.mdo
12/3/09